**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-60764
Summary Calendar
_____

LINDA DARLENE LANGFORD,

Plaintiff-Appellant,

VERSUS

MAKITA CORPORATION OF AMERICA; ET AL,

Defendants,

MAKITA U.S.A., INC., and MAKITA CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:97-CV-139-JAD)
_____

May 13, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Linda Langford was injured while operating a Makita 10" Miter Saw, Model LS1020, at her workplace, Belmont Homes, Inc., in Belmont, Mississippi. She sued Defendants-Appellants Makita Corporation, et al., ("Makita") for damages, alleging strict liability for the product design, negligent design, negligent testing, negligent manufacturing, and failure to warn.

The district court granted Makita's motion for summary

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment because: (1) the saw had been substantially altered after it had left Makita's control, and this substantial alteration was the cause of Langford's injuries; and (2) Langford was aware of the danger the altered saw presented and nevertheless continued to use it.

All of Langford's claims are governed by Section 11-1-63 of the Mississippi Code. Under Section 11-1-63, a product manufacturer has no liability unless the plaintiff proves that the product was defective at the time it left the manufacturer's control. In addition, Section 11-1-63 provides that the manufacturer shall not be liable if the plaintiff was aware of the defective condition and voluntarily continued to use the product.

After reviewing the record, we conclude that the district court correctly determined that no reasonable juror could have reached any conclusion except that the saw was substantially altered and that Langford voluntarily assumed the risk of using it in a defective condition. Under these circumstances, Langford could not have prevailed on any of her claims. The judgment of the district court is therefore

AFFIRMED.